IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA | * | Crim. No. PWG-13-0445 |
|  | * |  |
| v. | * | Civil No. |
|  | * |  |
| ANTHONY AKRAH MORRIS | * |  |

\* \* \* \* \*

## MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255

Petitioner, Anthony Akrah Morris, through undersigned counsel, James Wyda, Federal Public Defender, and Paresh S. Patel, Appellate Attorney, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

On September 16, 2014, Mr. Morris was convicted of two counts of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Counts Three and Five).[1]  Specifically, the counts alleged that the underlying "crimes of violence" for the § 924(c) charges were Hobbs Act robberies.  However, post-*Johnson*, Hobbs Act robbery categorically fails to qualify as a "crime of violence."  Therefore, Mr. Morris is now innocent of the § 924(c) offenses, and his convictions are void.

The relevant portion of § 924(c) defining a "crime of violence" has two clauses.  The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause. The other – § 924(c)(3)(B)

---

[1] Mr. Morris was also convicted of one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One), and two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts Two and Four).

– is commonly referred to as the residual clause.[2] The § 924(c) residual clause is materially indistinguishable from the Armed Career Criminal Act (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as void for vagueness. It follows that the § 924(c) residual clause is likewise unconstitutionally vague. Hence, a Hobbs Act robbery offense cannot qualify as a "crime of violence" under the § 924(c) residual clause. Likewise, a Hobbs Act robbery offense categorically fails to qualify as a "crime of violence" under the remaining § 924(c) force clause. Therefore, the "crime of violence" element of § 924(c) cannot be satisfied here, and a conviction cannot be constitutionally sustained under the statute.

As a result, Mr. Morris's 924(c) convictions 1) violate due process, 2) violate the laws of the United States and result in a fundamental miscarriage of justice, and 3) were entered in excess of this Court's jurisdiction. Therefore, he is entitled to relief under 28 U.S.C. § 2255(a).

Mr. Morris's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review."

---

[2] Under § 924(c)(3), "crime of violence" is defined as follows:

    (3)    For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

        (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another [known as the force clause], or

        (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [known as the residual clause.]

Therefore, Mr. Morris respectfully requests that this Court grant his § 2255 motion and vacate his conviction.

Due to time constraints, counsel cannot at this time fully brief the issues presented in this petition. Nonetheless, counsel will ask for leave to supplement this petition at a later time.

Respectfully submitted,

JAMES WYDA
Federal Public Defender


_____/s/_____
PARESH S. PATEL
Appellate Attorney
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
(301) 344-0600

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 13th day of June, 2016, a copy of the foregoing motion was delivered via electronic filing to Debra Lynn Dwyer, Esq. Assistant United States Attorney, Office of the United States Attorney, Baltimore, Maryland.

                                                   _____/s/_____
                                                 PARESH S. PATEL
                                                 Appellate Attorney